IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. GRAYSON,            ) | |
|                                        ) | |
|       Plaintiff,        ) | |
| v.                                            ) | No. 1:23-cv-1055-STA-jay |
|                                        ) | |
| TRANS UNION, LLC; EQUIFAX INC.;   ) | |
| EXPERIAN; and                          ) | |
| FIRST NATIONAL BANK OF OMAHA,   ) | |
|                                        ) | |
|       Defendants.   ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER OF DISMISSAL**
**ORDER ON APPELLATE ISSUES**

      On March 5, 2025, the United States Magistrate Judge issued a report and recommendation (ECF No. 63) that the Court dismiss this case for Plaintiff Michael C. Grayson's failure to prosecute. Between December 19, 2024, and to March 5, 2025, the Magistrate Judge issued three orders, directing Plaintiff to respond and to update his mailing address. The Magistrate Judge has recommended that the Court dismiss the case without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). Plaintiff had 14 days from the service of the Magistrate Judge's report in which to file objections. Plaintiff has not objected to the report and its recommended conclusions of law, and the time to object has now expired.

      Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States

District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended the dismissal of Plaintiff's case *sua sponte* for failure to prosecute pursuant to 28 U.S.C. § 636(b)(1)(B). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

In the absence of any objection to the Magistrate Judge's recommendation, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation. The Court **DISMISSES** the case without prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, Plaintiff's failure to respond to multiple court orders and his failure to make any timely objection to the Magistrate Judge's report and recommendation, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant

2

to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case.  If Plaintiff files a notice of appeal, he must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917.  By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

                                                s/ S. Thomas Anderson
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: March 20, 2025

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.